UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DAMON C. ANDERSON, | ) |
| Plaintiff, | ) |
| v. | ) 2:12-cv-196 |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff Damon Anderson appeals the Social Security Administration's decision to deny his application for disability insurance benefits. An administrative law judge found that Anderson was not disabled within the meaning of the Social Security Act. As explained in detail below, I find that the ALJ made an erroneous factual finding in the course of analyzing Anderson's credibility and will therefore remand this matter to the ALJ to fully and properly develop the administrative record.

## BACKGROUND

Readers looking for a detailed discussion of Anderson's medical record are directed to the detailed summaries in the ALJ's decision [R. 12-24] and in Anderson's opening brief [DE 17 at 2-11]. Rather than simply reiterating those summaries, I will give a brief overview of the history of Anderson's health issues.

Anderson applied for Supplemental Security Income in October 2008. His alleged onset date was September 22, 2008, a day that he was admitted to the hospital for respiratory problems that were sufficiently severe that he had to have a tracheotomy. He was also diagnosed with

anti-social personality traits and substance dependence (he was formerly a cocaine addict). Over the course of the next 14 months he had various doctors appointments regarding health problems that included, among other things, confusion, memory loss, depression, swallowing problems, difficulty talking, difficulty walking and balancing, and various respiratory issues.

Anderson's disability claim was denied initially on March 23, 2009, and upon reconsideration on August 11, 2009. Anderson requested a hearing, which took place on November 22, 2010. Anderson's testimony at his hearing also reflected his health difficulties. He testified to having difficulty walking, standing, sitting, balancing, and breathing. He testified that he used a cane that had been prescribed by a doctor. He testified about his depression and memory problems. His case manager at a mental health center, who had worked with him for about a year, also testified that he had constant breathing problems, had difficulty standing and sitting, and used a cane. A vocational expert also testified as to the various jobs available when given different hypotheticals by the ALJ.

The ALJ issued a decision denying benefits on December 17, 2010. [R. 12-24.] The ALJ employed the standard five-step analysis. At step one, the ALJ confirmed that Anderson had not engaged in substantial gainful activity since his application date. At step two, the ALJ found Anderson suffered severe impairments of a tracheal implant, degeneration of the lumbar spine and knees, history of polysubstance abuse, depression, and obesity. At step three the ALJ found that Anderson's conditions did not satisfy any listed impairment. At step four, in analyzing Anderson's residual functional capacity, the ALJ found that Anderson could perform sedentary work with: no climbing of ladders, ropes, or scaffolds; occasional balancing, stooping, crouching, crawling, kneeling, and climbing of stairs and ramps; no concentrated exposure to

cold, wetness, humidity, and respiratory irritants; simple routine repetitive tasks that involve no more than occasional decision making and changes in the work setting; no fast paced production; and minimal redirection in order to finish tasks. At step five, the ALJ found that Anderson could not perform past relevant work but that there were a sufficiently significant number of jobs in the national economy that he could perform.

The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. Anderson timely sought review of that decision by filing this case.

## DISCUSSION

My review of an ALJ's decision to deny social security benefits is limited to determining whether the decision is supported by substantial evidence. *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004). "Evidence is substantial if a reasonable person would accept it as adequate to support the conclusion." *Id.* In other words, the ALJ's decision, if supported by substantial evidence and reached under the correct legal standard, will be upheld even if reasonable minds could differ as to the appropriate conclusion. *See Schmidt v. Apfel*, 201 F.3d 970, 972 (7th Cir. 2000). It is not my job to re-weigh evidence, choose among conflicting versions of events, decide questions of credibility, or substitute my own judgment for the ALJ's. *Young*, 362 F.3d at 1001.

To receive disability benefits under the Social Security Act, a claimant must be "disabled" as defined by the Act. 42 U.S.C. § 423(a)(1)(E). A claimant qualifies as disabled if she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42

3

U.S.C. § 423(d)(1)(A). Moreover, a claimant's physical or mental impairment or impairments must be of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. § 423(d)(2)(A).

Anderson objects to the ALJ's decision on six grounds:

1. The ALJ overlooked critical treating physician evidence in erroneously concluding that Mr. Anderson did not require a cane.

2. The ALJ failed to properly consider Mr. Anderson's need to clean his tracheostomy tube, his sitting restrictions, and his need to rest.

3. The ALJ failed to properly consider the combined impact of Mr. Anderson's many impairments.

4. The numerous errors in the ALJ's credibility assessment render the decision legally insufficient and require remand.

5. The ALJ failed to properly evaluate the statements from Mr. Anderson's mother.

6. The ALJ erred by failing to properly assess Mr. Anderson's mental condition.

[DE 17 at 2.]

From my perspective, there is simply no getting around the first of these issues – Anderson's use of a cane. The ALJ concluded, in the context of "not fully credit[ing] the claimant's allegations," that "there is no evidence in the record that a doctor prescribed a cane for the claimant, and the objective evidence fails to indicate that he has a condition that would require a cane." [R. 20-21.] This is simply a factual error: there are two prescriptions for a cane from his treating physician in the record. [R. 224-25.] Straight factual errors like this obviously cannot stand – "the ALJ may not simply ignore evidence." *Myles v. Astrue*, 582 F.3d 672, 676 (7th Cir. 2009) (per curiam). *See also Shauger v. Astrue*, 675 F.3d 690, 697 (7th Cir. 2012) (ALJ

4

erred by overlooking supporting evidence in the record and "the agency may not bolster the ruling with evidence the ALJ did not rely on."); *Parker v. Astrue*, 597 F.3d 920, 921 (7th Cir. 2010) ("[W]e cannot uphold an administrative decision that fails to mention highly pertinent evidence.").

The government argues that the ALJ's error in overlooking the two prescriptions was harmless error. Specifically, the government argues that "[a]lthough the ALJ overlooked [the two] prescription[s] for a cane, this error was harmless considering the additional finding that the objective evidence failed to indicate the need for a cane." [DE 20 at 3.] The problem with this argument, however, is that the ALJ's "additional finding" was entirely inadequate because the decision failed to provide any factual support for his conclusion that "the objective evidence fails to indicate that he has a condition that would require a cane." *See Roddy v. Astrue*, 705 F.3d 631, 637 (7th Cir. 2013) ("But the Commissioner cannot defend the ALJ's decision using this rationale directly, or by invoking an overly broad conception of harmless error, because the ALJ did not employ the rationale in his opinion. *See SEC v. Chenery Corp.*, 318 U.S. 80, 87-88 (1943)."). The ALJ did not provide any "logical bridge" between this conclusion and the evidence he summarized earlier in his opinion. *See Getch v. Astrue*, 539 F.3d 473, 480 (7th Cir. 2008) (the ALJ must provide a "logical bridge" from consideration of evidence); *Groves v. Apfel*, 148 F.3d 809, 811 (7th Cir. 1998) ("[the ALJ's] opinion fails to build a bridge from the evidence to the conclusion and is thus analytically inadequate – in a word, unreasoned – we cannot uphold his decision."). The Commissioner's response brief attempts to do build that bridge for the ALJ, but that sort of *post hoc* analysis won't do. *See Roddy*, 705 F.3d at 637.

5

Based on the ALJ's erroneous analysis on this issue alone, then, this case requires remand. Because remand is necessary on this issue, I need not address Anderson's other arguments. *Eskew v. Astrue*, 462 Fed. App'x. 613, 615 (7th Cir. 2011) (given the court's remand on one of claimant's arguments, it "need not address [her] remaining arguments"); *Fike v. Astrue*, 2012 WL 1200670, at *10, n.6 (N.D. Ind. 2012). On remand the ALJ should revisit Anderson's other arguments as appropriate.

## CONCLUSION

For the reasons stated above, this cause is **REMANDED** for further proceedings consistent with this order.

**SO ORDERED.**

ENTERED: April 15, 2013          s/ Philip P. Simon
                                 PHILIP P. SIMON, CHIEF JUDGE
                                 UNITED STATES DISTRICT COURT